IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BOEING COMPANY and THE BOEING COMPANY RETIREE HEALTH AND WELFARE PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> LORI M. MARCH and WILLIAM G. TAKACS, on behalf of themselves and as representatives of a similarly situated class of retirees, surviving spouses and dependents, and THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Nos. 06 CV 4997 (lead)<br>07 CV 3555 (closed member)<br><br>HONORABLE DAVID H. COAR |
| JOHN R. MAYFIELD, JESSIE McKINNEY, ROBERT MECLEARY, and THOMAS J. SHERIDAN, on behalf of themselves and a similarly situated class, <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY and THE BOEING COMPANY RETIREE HEALTH AND WELFARE PLAN, <br> Defendants. | |

**MEMORANDUM OPINION AND ORDER**

These two cases, which involve claims under the Employee Retirement Income Security Act of 1974 and the Labor-Management Relations Act, were consolidated for all purposes. In

-1-

both matters, the Boeing Company seeks a declaration that a series of collective bargaining agreements negotiated by Boeing, Local 1069, and the UAW did not vest lifetime health benefits for former hourly employees at Boeing's rotorcraft division (or its predecessors) who retired on or before March 11, 2006 and are currently participating in the Boeing Company Retiree Health and Welfare Plan (Plan 602) and receiving pension benefits under the Local 1069 Non-Contributory Retirement Plan (Plan 005) (collectively, these former employees will be referred to as "the retirees"). Boeing also seeks a declaration that it has the right to modify, amend, or terminate the retirees' health benefits. The plaintiffs in *Mayfield v. Boeing* ("*Mayfield* plaintiffs"), meanwhile, argue that Boeing does not have a unilateral right to modify the retirees' health benefits under the current collective bargaining agreement (CBA). Specifically, they contest Boeing's changes to those benefits on September 1, 2006, and Boeing's proposed changes for July 2009.

This opinion addresses (1) the *Mayfield* plaintiffs' motion to dismiss Boeing's counterclaim; (2) Boeing's motion to certify a class; and (3) the *Mayfield* plaintiffs' motion to certify a class. The opinion also revisits the court's previous order dismissing the *Mayfield* plaintiffs' vested-benefits claims with prejudice.

## I. BACKGROUND

The two disputes in this consolidated action first appeared within days of one another in different courts. The *Mayfield* plaintiffs filed their complaint in the Middle District of Tennessee on September 13, 2006. Two days later, Boeing and the Boeing Company Retiree Health and Welfare Plan filed a complaint against individual retirees and others similarly situated, along with the UAW, in the Northern District of Illinois. Because discovery proceeded at a faster pace

in this court, the court in the Middle District of Tennessee *sua sponte* transferred the *Mayfield* case here in June 2007.

Initially, the *Mayfield* plaintiffs alleged that Boeing's September 1, 2006 changes to the retirees' health benefits violate Boeing's obligation, negotiated under a series of CBAs, to provide vested, lifetime health benefits for the retirees. (R. 78, exh. 1, *Mayfield* First Am. Compl.) Following the transfer to this court, however, the *Mayfield* plaintiffs retreated from that theory. On October 26, 2007, the *Mayfield* plaintiffs sought leave to file a second amended complaint, in which, in addition to challenging the September 1, 2006 changes to the retirees' health benefits, they also would challenge Boeing's proposed changes for July 2009. But the new legal theory would be that the changes violate the current CBA, and neither set of changes would be challenged as violations of Boeing's purported obligation to provide vested, lifetime benefits for the retirees. (R. 71, exh. 1, *Mayfield* Second Am. Compl.)

Boeing protested the amendment, accusing the *Mayfield* plaintiffs of judge- and forum-shopping. Boeing noted that the UAW had voluntarily withdrawn a complaint seeking identical relief as the *Mayfield* plaintiffs' original complaint immediately before they filed it. According to Boeing, UAW withdrew its complaint because it anticipated unfavorable rulings from the judge assigned to that case in the Eastern District of Michigan. And, Boeing said, the *Mayfield* plaintiffs—who Boeing claims were in contact with the UAW's attorneys—filed their complaint in the Middle District of Tennessee to secure a judge favorable to their position. The proposed second amended complaint, according to Boeing, was another effort to avoid unfavorable resolution of the vested-benefits issue. (R. 77, Boeing Resp. 1-2.) (The Northern District of Illinois, Boeing suspects, is an unfavorable forum for the *Mayfield* plaintiffs.) To avoid

sanctioning such forum-shopping, and to ensure that the preceding months of discovery were not wasted, Boeing requested that the court dismiss with prejudice the *Mayfield* plaintiffs' vested-benefits claims. (*Id.* at 4-8.)

While the *Mayfield* plaintiffs' motion to file a second amended complaint was pending before the court, both they and Boeing filed motions to certify a nearly identical class. (*Compare* R. 81, Mayfield MCC 5-6 *with* R. 78, Boeing MCC 2-3.) Because of their similarity, Boeing requested that the court adopt the *Mayfield* plaintiffs' proposed definition of the class, with minor modifications, and the *Mayfield* plaintiffs agreed. (R. 105, Boeing Resp. 2; R. 109, Mayfield Reply 1.) Boeing and the *Mayfield* plaintiffs dispute, however, whether class certification should apply to all claims in the consolidated litigation. (R. 105, Boeing Resp. 2.; R. 109, Mayfield Reply 2-5.)

Without ruling on the class-certification motions, the court addressed the *Mayfield* plaintiffs' motion to file a second amended complaint. After expressing concern that the proposed amendment would narrow the issues in the case to a point that it is "almost nonsensical," the court granted the motion with the caveat that the *Mayfield* plaintiffs' claims based on their vested-benefits theory would be dismissed with prejudice. (R. 110, Boeing Reply for MCC, exh. 1, Tr. Dec. 11, 2007 Hr'g 8; exh. 2, Tr. Jan. 17, 2008 Hr'g 3-4.) The court explained that the dismissal would apply only to the named *Mayfield* plaintiffs, reserving for later a ruling whether it would apply to the class those plaintiffs sought to represent. (*Id.* at exh. 3, Tr. Feb. 7, 2008 Hr'g 5.)

Boeing has filed an answer to the *Mayfield* plaintiffs' second amended complaint, along with a counterclaim for declaratory relief on the vested-benefits issue. (R. 97, Boeing Ans. 15-

18.) The *Mayfield* plaintiffs have responded with a motion to dismiss the counterclaim, which they describes as a "mirror-image" version of the claims this court dismissed with prejudice. (R. 106, Mayfield MTD 2-4.)

## II. ANALYSIS

The parties have very different views about how this case should proceed. Boeing would like the court to resolve the vested-benefits issue, and it wants the court's ruling to bind the entire class. Boeing offers three ways for the court to do so: (1) bind the class to the dismissal of the *Mayfield* plaintiffs' vested-benefits claims; (2) name new class representatives; or (3) vacate the dismissal. (R. 111, Boeing Resp. 9-10; R. 110, Boeing Reply for MCC 9-11.) The *Mayfield* plaintiffs, meanwhile, do not want the court to resolve the vested-benefits issue. They propose (1) dismissal of Boeing's counterclaim on the ground that the court's dismissal with prejudice of their vested-benefits claims ended any live controversy on the matter; and (2) limiting class certification to claims in their second amended complaint because the named *Mayfield* plaintiffs cannot adequately represent the interests of class members who are not bound by the dismissal of those claims. (R. 104, Mayfield Resp. to Boeing MCC 2-4.)

A simple way to address the *Mayfield* plaintiffs' objections—both to Boeing's counterclaim and to class certification for all claims in the consolidated litigation—is to amend the court's order dismissing the *Mayfield* plaintiffs' vested-benefits claims to reflect that the dismissal is without prejudice. Doing so would resuscitate the controversy between Boeing and the *Mayfield* plaintiffs without strong-arming the latter into pursuing their old complaint. It also would eliminate the primary obstacle identified by the *Mayfield* plaintiffs to the adequacy of their representation of the class for all claims in the consolidated litigation.

The court will not amend the dismissal, however, without revisiting the arguments advanced on both sides of that issue. Accordingly, the court's analysis begins with those considerations, followed by the *Mayfield* plaintiffs' motion to dismiss Boeing's counterclaim, and concluding with the two motions for class certification.

A. Revisiting the Dismissal of the *Mayfield* Plaintiffs' Vested-Benefits Claims

As noted above, Boeing protested the *Mayfield* plaintiffs' motion to file a second amended complaint; Boeing argued that the court should not countenance the attempt at forum-shopping, nor allow the preceding months of discovery on the vested-benefits issue to be wasted. (R. 77, Boeing Resp. 4-8.) Accordingly, Boeing recommended dismissing the vested-benefits claims with prejudice. (*Id.*)

The *Mayfield* plaintiffs responded that their initial vested-benefits allegations were simply a different legal theory to support their claim that Boeing's changes to the retirees' health benefits are unlawful. (R. 86, Mayfield Reply 5-6.) They argued that abandoning that theory would not prejudice Boeing because resolution of the dispute over the legitimacy of those changes would, for purposes of *res judicata*, preclude relitigation about the changes under *any* legal theory. (*Id.* at 6.) The *Mayfield* plaintiffs objected, however, to a dismissal with prejudice. At the December 11, 2007 hearing, they explained that, although they could accept the preclusive effect of this litigation on any future challenges to the September 2006 and proposed July 2009 changes, they do not want the retirees to be precluded from challenging hypothetical, future changes or a termination of their benefits. (R. 110, Boeing Reply for MCC, exh. 1, Tr. Dec. 11, 2007 Hr'g 6.) The court was unpersuaded by that argument, noting that whether Boeing can make changes is a live question in the consolidated litigation. (*Id.* at 6-7.)

Now the *Mayfield* plaintiffs say that the court's dismissal with prejudice of their vested-benefits claims forecloses them from advancing a vested-benefits theory on behalf of class members not bound by that dismissal, and that it moots Boeing's counterclaim. In other words, they are using the preclusive effect of the court's earlier ruling to prevent complete, class-wide resolution of the live issues in this consolidated case.

The court agrees with the *Mayfield* plaintiffs that its prior order has created unnecessary (but artificial) justiciability concerns. Thus, in the interest of judicial efficiency, and in fairness to all parties, the court on its own motion amends its prior order dismissing the *Mayfield* plaintiffs' vested-benefits claims with prejudice to reflect that they were dismissed *without* prejudice. That was the resolution the *Mayfield* plaintiffs sought before; they should have no complaint. And, as explained below, the amendment will allow Boeing to proceed with its counterclaim.

B. The *Mayfield* Plaintiffs' Motion to Dismiss Boeing's Counterclaim

The *Mayfield* plaintiffs' motion to dismiss Boeing's counterclaim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), is premised on the preclusive effect of the dismissal with prejudice of their mirror-image vested-benefits claims. (R. 106, Mayfield MTD 2-4.) But now that the dismissal is without prejudice, the controversy between the parties has been revived. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (Dismissal without prejudice is not a judgment on the merits, so it "does not have a *res judicata* effect."). And, because Boeing's counterclaim seeks a full declaration of its rights to make the September 2006 and July 2009 changes, it is a compulsory counterclaim that falls within this court's ancillary jurisdiction. *See Robbins v. Lynch*, 836 F.2d 330, 334 (7th Cir. 1988).

The extent of the "live" controversy, however, remains somewhat unclear. When the *Mayfield* plaintiffs sought dismissal of their vested-benefits claims, they explained that because Boeing has not "announced or implemented any changes that would terminate coverage for eligible retirees and their dependents before their deaths, nor has it terminated the retiree medical plan, there is no live controversy over whether the retirees' health benefits are vested for life." (R. 86, Mayfield Reply 7-8.) The point has some teeth; the only actions that Boeing has taken, or threatens to take, are the September 2006 changes and the July 2009 changes. Boeing itself has alleged only that it "intends to implement further changes to health insurance benefits and the cost of the benefits received by [the retirees] in the future" (R. 97, Boeing Ans. 15 ¶9); it has not threatened to terminate wholesale the retirees' health benefits. So long as Boeing does not terminate those benefits, nor make an immediate threat to do so, no federal court will have jurisdiction to resolve Boeing's right to do so. *See Medimmune Inc. v. Genentech, Inc.*, 549 U.S. 118, 614-15 (2007). And the threat of a lawsuit seeking declaratory relief on the issue is not enough, by itself, to create an actual, live controversy. *See Hyatt Int'l Corp v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002).

Nevertheless, in addition to the legitimacy of the September 2006 and July 2009 changes, the counterclaim does put in play Boeing's broader claim that it may make changes to the retirees' health benefits. (R. 97, Boeing Ans. 17-18.) Both parties will be precluded from relitigating that claim in the future. *See Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 857 (7th Cir. 2001). And if evaluating that claim requires the court to decide whether the retirees' benefits are vested, the court's ruling on that issue will have preclusive effect for all retirees, whether or not they are parties to this litigation. *See Parklane Hosiery Co v. Shore*, 439

U.S. 322 (1989); *Sterling v. United States*, 85 F.3d 1225 (7th Cir. 1996). The consequence should be clear: This lawsuit is the retirees' opportunity to advance any and all arguments bearing on the live dispute over Boeing's right to make changes to their health benefits, including a theory that the benefits are vested.

C. Motions for Class Certification

Boeing has requested that the court adopt the *Mayfield* plaintiffs' proposed definition of the class with the underlined modification:

> All former employees of Boeing who retired from Boeing Rotorcraft before March 18, 2006; who, as employees, were represented by the Union in collective bargaining; and who are participants in the Retiree Health Plan <u>(i.e., those currently participating in The Boeing Company Retiree Health and Welfare Benefit Plan (Plan 502) and receiving pension benefits under the Local 1069 Non-Contributory Retirement Plan (Plan 005))</u>; and their spouses, same-gender domestic partners, and eligible dependents, and surviving spouses and eligible dependents, who are participants in the Retiree Health Plan<u>, as described above.</u>

(R. 105, Boeing Resp. 2.) The *Mayfield* plaintiffs have agreed to the modification. (R. 109, Mayfield Reply 1.) They dispute only whether class certification should apply to all claims in the consolidated litigation. (R. 105, Boeing Resp. 2.; R. 109, Mayfield Reply 2-5.)

Class certification should apply to all claims in the consolidated litigation if "adjudications with respect to individual class members . . . would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1)(A). Certification also should occur if inconsistent rulings on the controversy here—the legality of Boeing's changes to the retirees' health benefits—"would establish incompatible standards of conduct." Fed R. Civ. P. 23(b)(2).

The *Mayfield* plaintiffs' sole contention on this score is that they cannot adequately represent the class for all claims in the consolidated litigation because of the dismissal with prejudice of their vested-benefits claims. *See* Fed. R. Civ. P. 23(a)(4). (R. 104, Mayfield Resp. to Boeing MCC 2-4.) Citing *Bieneman v. Chicago*, 838 F.2d 962, 964 (7th Cir. 1988), they note their obligation to oppose class certification given the preclusive effect of that ruling. (*Id.* at 3.)

Again, because that dismissal is now without prejudice, it no longer limits the *Mayfield* plaintiffs' ability to adequately protect the interests of the class for all claims in the consolidated litigation. *See* Fed R. Civ. P. 23(a); *Cooter & Gell*, 496 U.S. at 396. Moreover, even if retirees who were parties to some CBAs may assert additional legal theories not available to other members of the class, their interests cannot be described as "antagonistic." *See Rosario v. Livaditis*, 963 F.2d 1013, 1018-19 (7th Cir. 1992) (conflicts of interest must be based on more than speculation); *Walsh v. Northrop Gruman Corp.*, 162 F.R.D. 440, 447-48 (E.D.N.Y. 1995) (named class members may adequately represent class even if they cannot raise legal theories available to other class members). Accordingly, the court will certify the class, as modified, for all claims in the consolidated litigation.

### III. CONCLUSION

The court AMENDS its prior order dismissing the named *Mayfield* plaintiffs' vested-benefits claims to reflect that they were dismissed *without* prejudice. The court DENIES the *Mayfield* plaintiffs' motion to dismiss Boeing's counterclaim. The court GRANTS the *Mayfield* plaintiffs' motion to certify a class (as modified); the class is certified for all live claims in the consolidated litigation. Boeing's motion to certify a class is DENIED as moot.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: **September 30, 2008**